**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Collectanea J. Limited, | ) | Case: |
| | ) | |
| Plaintiff, | ) | Judge: |
| | ) | |
| v. | ) | Mag. Judge: |
| | ) | |
| The Partnership And | ) | |
| Unincorporated Association | ) | |
| Identified On Schedule "A" | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**COMPLAINT**

Plaintiff, Collectanea J. Limited, a Hong Kong Limited Corporation (hereinafter, "Plaintiff" or "Collectanea"), hereby brings the present action against The Partnership And Unincorporated Association Identified on Schedule "A" attached hereto, ("Defendant") and alleges as follows:

**JURISDICTION AND VENUE**

1.     This Court has original subject matter jurisdiction over the claims in this action pursuant to provisions of 28 U.S.C. § 1338(a) – (b) and 28 U.S.C. § 1331 and the Lanham Act, 15 U.S.C. § 1051, et seq.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial internet stores operating under the Defendant Names/ Aliases in

Schedule A attached hereto (the "Defendant Internet Store"). Specifically, Defendant reaches out to do business with Illinois residents by operating at least one or more commercial, interactive Defendant Internet Store through which Illinois residents can and, on information and belief, have purchased products bearing infringing versions of Plaintiff's federally registered trademark registration.

3.      The Defendant has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products that infringe Plaintiff's federally registered intellectual property. As a result, the Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

4.      Alternatively, Defendant is subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendant is not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

## INTRODUCTION

5.      This action has been filed by Plaintiff to combat online e-commerce store operators who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's federally registered trademark.

6.      This action has been filed by Plaintiff to combat an online e-commerce store operator who trades upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's Beadnova trademark, which is covered by U.S. Trademark Registration No. VA 4663497 ("Beadnova Mark" or "the Mark" hereinafter) for use

with goods in class 14, including beads for use in the manufacture of jewelry and jewelry making kits and registered on December 30, 2014. The Beadnova Registration is valid, subsisting, and in full force and effect. A true and correct copy of the federal trademark registration certificate for the Beadnova Mark is attached hereto as Exhibit One.

7.     The stylized and distinctive graphic of Beadnova consistent with the depiction in the registration appears below:

# BEADNOVA

8.     The Defendant Internet Store includes in its offer for sale and sale listings either identical or colorable imitations of the Beadnova Trademark. This falsely implies to consumers that there is an association between the Defendant's products and Plaintiff's products.

9.     In its offers for sale and display, the Defendant Internet Store reflects unique identifiers, such as design elements, stock images, descriptions and colorable imitations of the infringing products offered for sale, suggesting that Defendant's illegal operation may arise out of the same transaction, occurrence, or series of transactions or occurrences with other Internet Stores unknown at this time.

10.     Plaintiff is forced to file this action to combat Defendant's trademark infringement and to protect unknowing consumers.

11.     Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable registered trademark. In addition, Plaintiff has been irreparably damaged by the loss of exclusivity of its registered trademark as a result of Defendant's actions. As a result of these injuries, Plaintiff seeks injunctive and monetary relief.

12.     This Court has personal jurisdiction over the Defendant, in that Defendant conducts business in the United States, in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit were undertaken in Illinois and in this Judicial District. In addition, the defendant has offered to sell and ship and, on information and belief, has sold and shipped, infringing products into this Judicial District.

## THE PLAINTIFF

13.     Plaintiff Collectanea J. Limited, is a Hong Kong Limited Corporation having its principal place of business at Flat/Rm 13 02/F, New City Centre, 2 Lei Yue Mun Road, Kwun Tong, Hong Kong.

14.     This action has been filed by Plaintiff to combat online e-commerce store operators who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's federally registered trademark.

15.     Plaintiff utilizes the registered "Beadnova Trademark" in connection with the advertisement, marketing and sale of retail items, including products sold under Plaintiff's Trademark BEADNOVA, assigned Registration No. 4663497 ("Beadnova Products" hereinafter), for goods in class 14. The Beadnova Trademark is utilized to sell Beadnova products through the Amazon, Aliexpress, and Wish platforms, as well as through authorized licensees. Beadnova products have been widely promoted, both in the United States and throughout the world.

16.     While Plaintiff enjoys exclusivity of select authorized retailers, sales of Plaintiff's Beadnova products represent the majority of Plaintiff's business.

17.     Plaintiff has been using the Beadnova Trademark for use in the manufacture of jewelry and jewelry making kits and registered on December 30, 2014.

18.     Plaintiff controls the content, designs, and images displayed in the Beadnova Trademark.

19.     The Beadnova Trademark has not been assigned or licensed to the Defendant in this matter.

20.     Plaintiff's Beadnova Trademark is a symbol of Plaintiff's quality, reputation and goodwill and has never been abandoned.

21.     Further, Plaintiff has expended substantial time, money and other resources developing, advertising and otherwise promoting the Beadnova Trademark.

22.     Each image contained in the Beadnova Trademark has independent economic value and has generated revenue in relation to the retail items and marketing value depicted therein.

## THE DEFENDANT

23.     Plaintiff is currently unaware of the identity and/or location of the Defendant. However, on information and belief, the Defendant is an individual and/or business entity who resides in China or other foreign jurisdictions. Defendant conducts business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Store identified in Schedule A.

24.     The Defendant targets the United States, including Illinois, and has offered to sell and/or has sold and/or continues to sell infringing products ("Infringing Products") to consumers within the United States, including Illinois and in this Judicial District utilizing the Beadnova Trademark.

25.     The Defendant, without any authorization or license from Plaintiff, has knowingly and willfully used and continues to use Plaintiff's Beadnova Trademark in connection with advertisement, distribution and offering for sale of the products depicted therein without Plaintiff's consent or authorization.

26.     The Defendant's online stores offer shipping to the United States, including Illinois and the Defendant has offered to sell retail items into Illinois and this judicial district utilizing infringing copies of Plaintiff's Beadnova Trademark.

27.     On information and belief, Defendant, either individually or jointly, operates one or more e-commerce stores including, and possibly not limited to, that listed in Schedule A attached hereto. Tactics used by Defendant to conceal its identities and the full scope of its operation make it virtually impossible for Plaintiff to learn Defendant's true identities and the exact interworking of a network. If Defendant provides additional credible information regarding its identity and that of any associated stores, Plaintiff will take appropriate steps to amend the Complaint.

28.     This lack of precise information notwithstanding, it is well established that e-commerce sales, including through e-commerce stores like Defendant's, has resulted in a sharp increase in the shipment of unauthorized products into the United States. *See* Exhibit Two, Fiscal Year 2018 U.S. Customs and Border Protection ("CBP") Intellectual Property Seizure Statistics Report. Over 90% of all CBP intellectual property seizures were smaller international mail and express shipments (as opposed to large shipping containers). *Id.* Over 85% of CBP seizures originated from mainland China and Hong Kong. *Id.*

29.     Further, third party service providers like those used by Defendant do not adequately subject new sellers to verification and confirmation of an internet storefront's

identity, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." *See* Exhibit Three, Daniel C.K. Chow, Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); *see also* report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), attached as Exhibit Four. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, infringers can have more than one Internet Store that can appear unrelated even though they are commonly owned and operated. *See* Exhibit Four at 39.

30.     On information and belief, Defendant has engaged in fraudulent conduct when registering the Defendant Internet Store by providing false, misleading and/or incomplete information to Internet based e-commerce platform. On information and belief, the Defendant has anonymously registered and maintained Defendant Internet Store to prevent discovery of its true identity, an related stores, and the scope of any infringement network.

31.     On information and belief, Defendant regularly registers or acquires new seller aliases for the purpose of offering for sale and selling the Infringing Products. Such seller alias registration patterns are one of many common tactics used by the Defendant to conceal its identity and the full scope and interworking of their infringement operation, and to avoid being shut down.

32.     E-commerce stores, such as those operating as the Defendant Internet Store, may have additional stores that operate with unknown aliases, include other notable common features such as use of the same registration patterns, accepted payment methods, check-out methods,

keywords, illegitimate search engine optimization (SEO), advertising tactics, the same incorrect grammar and misspellings, and/or the use of the same text and images.

33.    On information and belief, Defendant is in constant communication with other online infringers and regularly participates in QQ.com and WeChat chat rooms regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

34.    Infringers such as Defendant typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement efforts. On information and belief, Defendant maintains off-shore bank accounts and regularly moves funds from its financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, analysis of financial transaction logs from previous similar cases indicates that off-shore infringers regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

35.    On information and belief, Defendant, without any authorization or license from Plaintiff, knowingly and willfully used and continues to use the Beadnova Mark in connection with the advertisement, distribution, offering for sale, and sale of Infringing Products with the display of the Beadnova Mark in the United States and Illinois over the Internet.

36.    In sum, Plaintiff's investigation shows that there are telltale signs of an illegal infringement ring or common ownership are present with the Defendant Internet Store which may implicate other unidentified Internet Stores. In the event of discovering information demonstrating an illegal infringement ring or common ownership, Plaintiff will amend its Complaint as necessary.

37.     Defendant's unauthorized advertising, marketing, and offering for sale products utilizing the Beadnova Trademark, throughout the United States, including Illinois, is irreparably harming Plaintiff.

## DEFENDANT'S UNLAWFUL CONDUCT

38.     The success of Plaintiff's Beadnova Trademark has resulted in infringement of the Beadnova Trademark. Plaintiff has identified numerous domain names linked to marketplace listings on certain platforms including the Defendant Internet Store, which was offering for sale, displaying, advertising and marketing with the Beadnova trademark without permission. This listing was displayed in the Northern District of Illinois and the Defendant offers to ship its products displayed in the infringing images to the Northern District of Illinois.

39.     Plaintiff's success in utilizing the Beadnova Trademark to market and promote sales of the retail items depicted therein has resulted in widespread infringement.

40.     Upon information and belief, Defendant facilitates sales by utilizing the Beadnova Trademark to give the impression that the Defendant is associated with or authorized by Plaintiff. The Defendant Internet Store looks sophisticated and accepts payment in U.S. dollars via credit cards and PayPal. Defendant further perpetuates the illusion of legitimacy by offering customer service and using the indicia of authenticity and security that consumers have come to associate with authorized retailers.

41.     Plaintiff has not licensed or authorized Defendant to use its Beadnova Trademark and the Defendant is not authorized to display the Beadnova Trademark.

42.     Defendants, like this Defendant, often go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate a massive network of Defendant Internet Store. For example, to avoid detection, Defendant may register its

Defendant Internet Store using a name and physical address that is incomplete, contain randomly typed letters, or fail to include cities or states readily identifiable on a map. Upon information and belief, Defendant regularly creates new websites and online marketplace accounts on various platforms using the identity listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such a Defendant Internet Store registration pattern may be one of many common tactics used by the Defendant to conceal its identity, the full scope and interworking of its infringing operation, and to avoid being shut down.

43.     The Defendant Internet Store bears similarities and indicia of other Internet Stores, suggesting that Defendant may be interrelated with other Internet Stores unknown at this time.

44.     Infringers such as Defendant typically use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendant will often register new domain names or online marketplace accounts under new aliases once it receives notice of a lawsuit.

45.     Further, infringers such as Defendant typically operate multiple credit card merchant accounts and vendor accounts such as PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts. Upon information and belief, the foreign Defendant maintains off-shore bank accounts and regularly moves funds from its payment accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of payment transaction logs from previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based accounts to foreign-based bank accounts outside the jurisdiction of this Court.

46.     Defendant, without any authorization or license from Plaintiff, has knowingly and willfully used and continues to use the Beadnova Trademark in connection with the advertisement, distribution, offering for sale, and display through the United States and Illinois over the Internet. The Defendant Internet Store offers shipping to the United States, including Illinois.

47.     Defendant's use of the Beadnova Trademark in connection with the advertising, distribution, offering for sale, display and marketing within Illinois is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING
## (15 U.S.C. §1114)

48.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

49.     This is a trademark infringement action against Defendant based on its unauthorized use in commerce of counterfeit imitations of the Beadnova Mark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods.

50.     Defendant has sold, offered to sell, marketed, distributed, and advertised, and/or is still selling, offering to sell, marketing, distributing, and advertising products in connection with the Beadnova Mark without Plaintiff's permission.

51.     Defendant has infringed Plaintiff's rights in the Beadnova Mark by, among other things, using in commerce the identical and confusingly similar name "Beadnova" in connection with the promotion, advertising, sale, offering for sale, and distribution of counterfeit Beadnova products.

52.     Plaintiff is the exclusive owner of the Beadnova Mark. Plaintiff's United States Registration for the Beadnova Mark (Exhibit One) is in full force and effect. Plaintiff has never licensed or authorized Defendant to market, offer for sale, advertise, or distribute Beadnova branded products.

53.     Upon information and belief, Defendant has knowledge of Plaintiff's rights in the Beadnova Mark and is willfully infringing and intentionally using a counterfeit of the Beadnova Mark.

54.     Defendant's willful, intentional and unauthorized use of the Beadnova Mark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public. Through Defendant's infringing activity, Defendant compromises the goodwill of the Beadnova Mark by depriving Plaintiff of the exclusive control over the customer experience and guarantees of the brand.

55.     Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

56.     Plaintiff has no adequate remedy at law, and if Defendant's actions are not preliminarily or permanently enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its Beadnova Mark.

57.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit Beadnova products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

58.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

59.     Defendant's promotion, marketing, offering for sale, and sale of counterfeit products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendant's counterfeit and/or infringing Beadnova products by Plaintiff.

60.     By using the Beadnova Mark in connection with the sale of counterfeit and/or infringing Beadnova products, Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the counterfeit products. Specifically, by using the Beadnova brand to promote its counterfeit products, Defendant wrongfully implies to potential customers that customers can expect Defendant to conform with the customer service standards and provide any warranties or guarantees associated with the Beadnova brand.

61.     Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit Beadnova products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

62.     Plaintiff is entitled to recover its reasonable costs and attorneys' fees incurred in prosecuting this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1)     That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

a.     using the Beadnova Mark in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product in connection with the

Beadnova Mark;

b.      using Plaintiff's Beadnova Mark in marketing, advertising, soliciting, or display, derivative or directly, which is not directly authorized by Plaintiff;

c.      committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d.      further infringing the Mark and damaging Plaintiff's goodwill;

e.      operating and/or hosting webpages which are involved with the distribution, marketing, advertising, offering for sale, or sale of products or inventory not authorized by Plaintiff;

2)      Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including, without limitation, any online marketplace platforms, including but not limited to eBay, credit cards, banks, merchant account providers, third party processors and other payment processing service providers and payment processing platforms, including but not limited to Paypal, Stripe, Pingpong, and Lianlian Yintong Electronic Payment Co. Ltd. ("LianLian") (collectively, the "Third Party Providers") shall:

a.      disable and cease providing services being used by Defendant, currently or in the future, to engage in the sale of goods using the Beadnova Mark;

b.      disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods using without authorization the Beadnova Mark;

c.      disable and cease providing services to engage in the advertisements using the Beadnova Mark or colorable imitations thereof;

d.      take all steps necessary to prevent links from Defendant's Internet Stores from displaying in search results;

3)      For Judgment in favor of Plaintiff against Defendant that it has:

a.      willfully infringed Plaintiff's rights in its federally registered trademark pursuant 15 U.S.C. §1114;

b.      otherwise injured the business of Plaintiff by Defendant's acts and conduct set forth in this Complaint;

c.      that Defendant accounts for and pay to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the Mark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117; In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the Beadnova Mark;

d.      That Plaintiff be awarded its reasonable attorneys' fees and costs as available under 15 U.S.C. § 1117, and other applicable law;

4)      Entry of an Order that, upon Plaintiff's request, Defendant and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and its related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs, or other alias seller identification or ecommerce store names used by Defendant presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s) and remain

restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein;

5)      Entry of an award of prejudgment interest on the judgment amount;

6)      Award any and all other relief that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 19th of September, 2025.

/s/ Lydia Pittaway
Bar No. 0044790
Ford Banister LLC
305 Broadway - Floor 7
New York, NY 10007
Telephone: 212-500-3268
Email: lpittaway@fordbanister.com
*Attorney for Plaintiff*